IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GENERAL CASUALTY COMPANY OF WISCONSIN,**<br><br>       **Plaintiff,**<br><br>       v.<br><br>**RF CONSTRUCTION, INC., et al.,**<br><br>       **Defendants.** | Case No. 2:20-cv-02470-HLT-JPO |

## ORDER TO SHOW CAUSE

Plaintiff, a surety organized in Wisconsin with its principal place of business in Wisconsin, asserts breach of contract and fraudulent inducement claims against Defendants and invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332. Under § 1332, the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."

"Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). In the Tenth Circuit, for purposes of determining diversity jurisdiction, a limited liability company is an unincorporated association and takes the citizenship of all its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *see also Mgmt. Nominees, Inc. v. Alderney Invs., LLC*, 813 F.3d 1321, 1323-24 (10th Cir. 2016). A corporation's citizenship for purposes of diversity jurisdiction is determined by its place of incorporation and its principal place of business. *See Mgmt. Nominees*, 813 F.3d at 1324; *see also* 28 U.S.C. § 1332(c).

The complaint fails to identity what type of business entity Plaintiff is,[1] and fails to sufficiently identify the citizenship of Defendants RF Construction, Inc., Anchor Companies, Inc.,[2] and Benchmark Construction, LLC.[3] Absent the required citizenship allegations, the Court cannot determine whether it has jurisdiction. *See United States ex rel. Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege . . . the facts essential to show jurisdiction." (internal quotation and citation omitted)).

THE COURT THEREFORE ORDERS that Plaintiff SHOW CAUSE in writing on or before **October 9, 2020**, why this case should not be dismissed against Defendants without prejudice for lack of subject-matter jurisdiction.

IT IS SO ORDERED.

DATED:   September 25, 2020            */s/ Holly L. Teeter*
                                        HOLLY L. TEETER
                                        UNITED STATES DISTRICT JUDGE

---

[1] To the extent Plaintiff is a corporation, its citizenship may be properly alleged. But Plaintiff is only described as a "surety."

[2] Plaintiff alleges only that Defendants RF Construction, Inc. and Anchor Companies, Inc. are Kansas corporations. But it is unclear whether their principal places of business are in Kansas or elsewhere.

[3] Plaintiff alleges only that Defendant Benchmark Construction, LLC "is a Kansas limited liability company." Plaintiff must also allege the citizenship of each of the LLC's members.